IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HB FEEDER, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25 CV 01359 ) |
| THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A, | ) Judge Sharon Johnson Coleman ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff HB Feeder, LLC ("Plaintiff") in this "Schedule A" case moves for default judgment against four defaulting defendants ("Defendants") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [44].

**I.    Background**

Plaintiff alleges that it is the owner of several copyright registrations, five of which are relevant here and depict seven images of bird feeders: VA 2-406-720, VA 2-406-721, VA 2-406-723, VA 2-406-729, and Pau 4-231-921 (collectively, the "Copyrights"). Plaintiff alleges that "[t]his action has been filed to combat the online copyright infringement activity of Defendants, who trade upon Plaintiff's valuable Copyrights by selling and/or offering for sale unauthorized, unauthentic, and infringing products in connection with Plaintiff's federally registered Copyrights[.]" (Dkt. 12 ¶ 8.)

Plaintiff now moves this Court to enter default judgment against Defendants and order that: (a) Defendants are liable on all counts of Plaintiff's complaint; (b) Plaintiff is entitled to an award of statutory damages against each Defendant in the amount of $50,000; (c) Plaintiff is entitled to a permanent injunction prohibiting Defendants from making, importing, offering for sale, and selling

1

their counterfeit/infringing products; and (d) all current and newly discovered assets in Defendants' financial accounts be transferred to Plaintiff.

## II. Discussion

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . statutory damages, as provided by subsection (c)," 17 U.S.C. § 504(a)(2). For unintentional infringement, 17 U.S.C. § 504(c) provides that the copyright owner may recover "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The court "in its discretion may increase the award of statutory damages to a sum of not more than $150,000" if the court finds that the infringement was willful. 17 U.S.C. § 504(c)(2).

The district court enjoys broad discretion to award statutory damages. *See* 15 U.S.C. § 1117(a) (advising that district court may "enter judgment for such sum as the court shall find to be just"); *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *6 (N.D. Ill. Feb. 28, 2020) (Chang, J.). In setting the amount of statutory damages for copyright infringement, "the Court considers factors like 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future . . . infringement.'" *Volkswagen*, 2020 WL 977969, at *6 (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)).

Plaintiff's requested relief here is entirely, and unnecessarily, overbroad. First, the Court's review of the record confirms that Plaintiff has put forth no evidence whatsoever (and in fact has not sufficiently pleaded) that four of the seven copyrighted images and videos referenced in the complaint---namely LSY-8, LSY-19, LSY-28, and LSY-29 (all of which fall under copyright registration numbers VA 2-406-723 or VA 2-406-729)—have been infringed by any defendant. Indeed, Defendants' product listing images in neither Plaintiff's amended complaint, (Dkt. 12-1), nor Plaintiff's motion for a temporary restraining order, (Dkt. 18-4), depict these four images. As a result, the Court denies

Plaintiff's request for a permanent injunction as to the copyrighted images titled LSY-8, LSY-19, LSY-28, and LSY-29 and terminates the preliminary injunction as to those same images.

Second, Plaintiff requests $50,000 in statutory damages per Defendant. But Plaintiff fails to provide a sufficient meaningful description of "the circumstances of the infringement" to support this request for damages. *Volkswagen*, 2020 WL 977969, at *6. Indeed, the majority of Plaintiff's brief explaining why it is purportedly entitled to monetary damages and injunctive relief (Section III) in its motion for default judgment contains boilerplate language that could otherwise be applicable to any copyright infringement case, anywhere. In one of the few exceptions, Plaintiff provides barely any argument at all to justify its statutory damages request:

> Here, the Defendants' infringement was committed willfully. [12] at ¶¶ 27-28. Furthermore, according to publicly available information, Defaulting Defendants have profited from the selling of the Infringing Product in the following amounts: Defendant 1 – $253.77; Defendant 2 – $666.42; Defendant 3 – $91.44; Defendant 4 – $226.24. *See* Carter Decl. at ¶ 8. Therefore, a statutory damages award of $50,000 is appropriate and reasonable.

(Dkt. 45 at *5.) Without any further explanation from Plaintiff, the Court fails to see why profits in these amounts create the natural, obvious conclusion that $50,000 per Defendant is "appropriate and reasonable."

Additionally, Plaintiff provides no information about the duration of Defendants' infringing activity, Plaintiff's estimated lost revenue, or the value or reputation of Plaintiff's Copyrights. As other courts in this district have held, "statutory damages must 'bear some relation' to actual damages." *Entm't One UK Ltd.*, 384 F. Supp. 3d at 953 (citing *Luxottica USA LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2017 WL 836228, at *2 (N.D. Ill. Jun. 18, 2015) (Leinenweber, J.)). And the Seventh Circuit is clear that "the amount of harm that the infringer inflicts goes to the amount of damages . . ." *Gen. Elec. Co. v. Speicher*, 877 F.2d 531, 537 (7th Cir. 1989). A "lack of information" in instances (like this one) where the Court has no knowledge of what types of information Plaintiff requested from third-party platforms during discovery, and where there is no indication that Plaintiff

3

served a subpoena on those third-party platforms for that information, is not a basis, by itself, to set justify statutory damages at a specified sum. Based on the information in the record, the Court reduces the statutory damages to $1,000 per Defendant.

The Court enters default judgment for Plaintiff and orders, in addition to that above, that: (a) Defendants are preliminarily enjoined from infringing Plaintiff's copyrights titled LSY-1, LSY-5, and LSY-Video-1; and (b) Plaintiff is entitled to $1,000 from each Defendant, which may be transferred to Plaintiff from Defendant's financial accounts.

### III. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [44]. Plaintiff is directed to submit a proposed order consistent with this Order within 7 days.

**IT IS SO ORDERED.**

Sharon Johnson Coleman
United States District Judge

DATED: 9/15/2025

4